In the Matter of the Claim of HARRY KNIFFEN, Respondent, v. FRANCES D. WINSLOW et al., Appellants, and ALFRED PARKS et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal by an employer and its insurance carrier from a decision which held (1) that the coronary ischemia, with accompanying chest pain, suffered by claimant on March 21, 1961, after he had lifted bales of hay, was due to the coronary infarction of accidental causation sustained by him on July 20, 1955, for which appellants' liability was then established, upon a finding of permanent partial disability; and (2) that claimant did not suffer a new accident on March 21, 1961, while in the employ of respondents employer and carrier. The medical evidence subsequent to the 1961 incident of pain consists of medical reports only. All of the parties were, of course, afforded the opportunity, specifically on one occasion, to require testimony by the physicians so reporting, but chose not to do so and appear content to submit the appeal upon a record constituted by medical reports and lay testimony. Asked whether there was "anything in particular", other than the pain to which he had testified, that he could remember "happening" on March 21, 1961, claimant replied in the negative. There are frequent references in his testimony to similar pains suffered a "couple of times a week" and "off and on steady, all the time since I had that heart attack [1955] * * * getting worse all the time". He returned to his work as a farm laborer on a part-time basis about one month after the 1961 incident of pain, and, as of the time of his testimony on March 10, 1962, still suffered chest pain about twice a week. Claimant and his physicians did not consider the 1961 incident a new accident but treated the disability that followed it as a change in the condition due to the 1955 accident and it was not until November 1, 1963 — more than two years and seven months after the 1961 incident and after appellants' repeated assertions at hearings before the Referee that the recurrent pain suffered on that occasion constituted an accident — that claimant filed a claim, with no supporting medical report, against the respondent employer; and the record in support of that claim, subsequently disallowed on the ground that no accident occurred, contains

no medical evidence except the report of *appellants'* examining physician. Meanwhile, following the 1961 incident, claimant's treating physicians — a general practitioner and a cardiologist — asserting merely a change in condition (upon the basis of which an application to reopen the original case was granted), filed at least eight reports, commencing with that of March 29, 1961 and continuing at short intervals to a time beyond the date of the decision appealed from, in each of which reports the disability was related to the 1955 accident, in some by express statements of such causal relationship, and in others by specific references (as required or permitted by the form) to the finding of causal relationship in a report of November 23, 1960, and in every case by the caption of the report itself. There are frequent references in the reports to "recurrent" and "occasional" pains following the 1955 accident. The 1961 incident is specifically referred to thus: "Recurrent pain in chest compelled patient to stop work"; and in a later narrative report as "an intensification of [claimant's] coronary insufficiency". Appellants cite, as indicative of a new accident, a report by claimant's cardiologist that the "symptoms which occurred on March 21, 1961" constituted "an aggravation of a pre-existing chronic coronary insufficiency which had its genesis in a previous heart attack of July 20, 1955"; but in the light of the many medical reports hereinbefore discussed and of claimant's history of, and testimony concerning frequently recurring pain before and after March 21, 1961, the board was not required to construe the report as describing an accident causative of the disability that ensued that day and shortly in substantial degree subsided (and see *Matter of Rosenberg* v. *Scintilla Div.*, 12 A D 2d 551, and cases there cited). Neither, of course, was the board bound to accept the opinion of appellants' expert, attributing claimant's "mild cardiac disability" to "the myocardial infarction of July 20, 1955; the coronary insufficiency which resulted from the work efforts of March 21, 1961; and progressive coronary arteriosclerosis." Decision affirmed, with one bill of costs to respondents filing briefs. Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.